CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALBERT VINCENT COX, | ) | CASE NO. 7:13CV00452 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| MR. JACK LEE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Albert Vincent Cox, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Middle River Regional Jail ("the jail") in Staunton, Virginia, and three of its ranking officers, alleging various violations of his constitutional rights. Cox has also filed a motion for interlocutory injunctive relief, seeking an immediate transfer. Upon review of the record, the court concludes that the complaint fails to state any actionable claim against the defendants. Therefore, the court summarily dismisses the action under 28 U.S.C. § 1915(B)(1)(a) and denies Cox's pending motion.

I

Cox states that he is incarcerated on a charge of violating his probation conditions and failing to register and voices several complaints about confinement conditions. First, he asserts that it is a conflict of interest for him to be confined at the jail, because some unspecified officials there owe him money for services he provided them through his local business before his arrest. As examples of problems purportedly caused by this conflict, Cox alleges that unnamed officers have inflicted "corporal punishment in words," have failed to take him before a magistrate to seek criminal charges against them, and have failed to arrange for him to consult with a mental health professional. Second, Cox alleges that jail officials are housing him in a

segregation unit where his privileges are limited. He cannot shower as frequently or attend religious services as the general population inmates do. Third, Cox asserts a claim of "discrimination," apparently based on an incident when a nurse attempted to give Cox another inmate's medication by mistake.

Cox names as defendants the jail itself, its chief of operations (Jack Lee), and two officers (Major Nicholson and Major Young). As relief, he seeks monetary damages and injunctive relief directing officials to transfer him to a different jail facility.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

First, Cox cannot pursue a § 1983 claim against the jail, as the jail is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Cox's claims against the jail must be summarily dismissed under § 1915A(b)(1) as frivolous.

Second, Cox fails to allege any respect in which the officers he has named as defendants were personally involved in any of the alleged violations. Apparently, he seeks to impose liability on them merely based on their employment titles as supervisory officials of the jail, which is not a viable claim under § 1983. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights [because t]he doctrine of respondeat superior has no application" under § 1983. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (internal citations omitted). Because Cox states no facts indicating that the named defendants acted personally in any way that deprived him of constitutionally protected rights, he states no claim against them.[1] Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), and dismiss Cox's pending motion for preliminary injunctive relief as moot.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of October, 2013.

                                                    Senior United States District Judge

---

[1] In any event, Cox's allegations do not give rise to any constitutional concerns. For example, Cox has no constitutional right to be housed in any particular jail or under any particular level of restriction. See, gen., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976). Cox also does not state facts in his complaint indicating that any jail official knew of or acted with deliberate indifference to any serious medical need, Estelle v. Gamble, 429 U.S. 97, 102 (1976), or that he has no opportunity to exercise his religious beliefs, O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). Finally, guards' verbal abuse of inmates states no constitutional claim of assault. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990) (citing other cases).